1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| DON WILLIAM DAVIS, | : : : : : : : : : : : : : : : | **A CAPITAL CASE** *EXECUTION DATE SET APRIL 17, 2017* |
| Petitioner, | | |
| v. | | |
| WENDY KELLEY,[1] Director Arkansas Department of Correction, | | No. 5:01-005188-JLH |
| Respondents. | | |

_____

## MOTION FOR STAY OF EXECUTION
_____

JENNIFFER HORAN
FEDERAL DEFENDER
By/s/Scott W. Braden
Assistant Federal Public Defender
Ark Bar Number 2007123
1401 W. Capitol Suite 490
Little Rock, AR 72201
Phone: (501) 324-6114
E-mail: Scott_Braden@fd.org

Deborah R. Sallings
Ark Bar No. 80127
deborahsallings@gmail.com

---

[1] Director Kelley is substituted for Mr. Larry Norris under Fed. R. Civ. P. 25(d).

2

35715 Sample Rd., Roland AR 72135

3
## INTRODUCTION

Petitioner Don Davis respectfully requests a stay of execution pending the Court's consideration of his motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from a judgment procedurally defaulting an ineffective-assistance-of-trial-counsel claim. That claim—which asserts an egregious dereliction of capital counsel's fundamental duty to present mitigating evidence, including evidence of prenatal alcohol exposure, sexual abuse, and neurological impairment—has never been considered by any reviewing court. As a result, Mr. Davis is now scheduled to be executed in a matter of days on the basis of a death sentence handed down in violation of his constitutional rights by a jury that was never presented with significant, and likely dispositive, factors in mitigation.

## MR. DAVIS IS ENTITLED TO A STAY OF EXECUTION

The standards for a stay of execution are well-established. Relevant considerations for granting a stay include the prisoner's likelihood of success on the merits, the relative harm to the parties, and the extent to which the prisoner has unnecessarily delayed his or her claims. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004); *Nooner v. Norris*, 491 F.3d 804, 808 (8th Cir. 2007). All three factors weigh strongly in Mr. Davis's favor.

4

First, Mr. Davis's motion presents a "significant possibility of success on the merits." *Hill*, 547 U.S. at 584. As detailed in the motion, Petitioner presents a substantial claim of ineffective assistance of counsel at the penalty phase based on counsel's failure to properly present the significant mitigating evidence that was contained in, or could have been developed from, records introduced by counsel at trial. A witness, such as psychologist Daniel A. Martell, Ph.D., whose report is appended to Mr. Davis's motion, could have focused the jury on the important parts of the records and explained their mitigating effects on Mr. Davis's development, impaired functioning, and state of mind at the time of the crime.

Second, the balance of harms weighs in Petitioner's favor. The harm to Mr. Davis of being put to death without ever receiving full and fair review of the constitutionality of his death sentence cannot be overstated. By contrast, the State's sole interest in securing Mr. Davis's imminent execution is that its current batch of the sedative midazolam will expire before the end of this month. Even setting aside serious questions as to whether the use of midazolam in executions is consistent with the Eight Amendment, under no scenario can a State's interest in exhausting its supply of lethal injection drugs outweigh the interest of the Petitioner and the public in ensuring that a condemned inmate not be put to death on the basis of a sentence secured in violation of his constitutional rights.

5

Finally, Petitioner has not unreasonably delayed the assertion of his rights. At the time of Mr. Davis's habeas proceedings, post-conviction counsel's ineffectiveness provided neither an independent avenue of relief nor cause for any default. *Coleman v. Thompson*, 501 U.S. 722, 752-55 (1991). While the Supreme Court created exceptions to *Coleman* through its decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), it was not until the February 2017 decision in *Buck v. Davis*, 137 S. Ct. 759 (2017), that the Court made clear that Rule 60(b) was available to reopen judgments in light of *Martinez*. *See, e.g., Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014) ("[N]either *Martinez* nor *Trevino* sufficiently changes the balance of the factors for consideration under Rule 60(b)(6) to warrant relief."); *Diaz v. Stephens*, 731 F.3d 370, 376 (5th Cir. 2013) (holding that, even after *Trevino*, the Supreme Court's decision in *Martinez* was simply a change in decisional law which did not warrant relief under Rule 60(b)). Furthermore, undersigned counsel was not appointed to represent Mr. Davis until March 20, 2017. *See* Dkt No. 45. Prior to that appointment, Mr. Davis was represented only by *pro bono* counsel, as his lead habeas attorney died in 2016. Given the circumstances, Mr. Davis was reasonably diligent in bringing his Rule 60(b) motion.

WHEREFORE, for the foregoing reasons and those explained in his Rule

6

60(b) motion, Mr. Davis respectfully requests that the Court stay his execution pending its consideration of his meritorious claim.

Respectfully submitted,

  /s/Scott W. Braden
By: Scott W. Braden, ABN 2007123
John C. Williams, ABN 2013233
Federal Public Defender Office
scott_braden@fd.org
john_ c_ williams@fd.org
1401 W. Capitol Ave., Ste. 490
Little Rock, AR 72201
(501) 324-6114

Deborah R. Sallings
Ark. Bar No. 80127
deborahsallings@gmail.com
35715 Sample Road
Roland AR, 72135

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of April, 2017, a copy of the foregoing Motion was served via the CM/ECF electronic filing system and by United States Mail, first class postage prepaid, upon Assistant Attorney General Darnisa Johnson, Attorney General's Office, 200 Catlett-Prien Tower, 323 Center Street, Little Rock, AR 72201.

/s/ Scott W. Braden
Scott W. Braden