IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**THIS IS A CAPITAL CASE**

DON WILLIAM DAVIS                                                         PETITIONER

v.                         CASE NO. 5:01-cv-5188

WENDY KELLEY, Director,
Arkansas Department of Correction                            RESPONDENT

## ORDER

Don William Davis is an inmate in the Arkansas Department of Correction under a sentence of death for the 1990 murder of Jane Daniel. Mr. Davis's execution is scheduled for April 17, 2017. On April 12, 2017, Davis filed a Motion for Relief from Judgment Pursuant to Federal Rule 60(b)(6) (Doc. 50) and Motion for Stay of Execution (Doc. 51). Following briefing by the parties, this Court heard oral arguments. For the reasons set forth below, the Court finds that both motions should be **denied**.

### Procedural History

Davis was convicted of capital murder on March 6, 1992 and was sentenced by the jury to death on March 9, 1992. The Arkansas Supreme Court affirmed Davis's conviction and sentence on October 4, 1993. *See Davis v. State*, 863 S.W.2d 259 (Ark. 1993). The United States Supreme Court denied certiorari on April 4, 1994. *Davis v. Arkansas*, 511 U.S. 1026 (1994).

A petition for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure was filed on behalf of Davis on May 5, 1994. An amended petition was later filed and an evidentiary hearing was held. The state circuit court denied relief on June 29, 1999. That decision was

1

affirmed by the Arkansas Supreme Court on May 31, 2001. *Davis v. State*, 44 S.W.3d 726 (Ark. 2001).

On April 1, 2002, Davis filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 17). The petition was denied on January 28, 2004. (Doc. 29). The Eighth Circuit Court of Appeals granted a certificate of appealability on two issues: (1) whether Davis's right to due process was violated under *Ake v. Oklahoma*, 470 U.S. 68, 82-83 (1985) by the trial court's denial of funds for an independent mental health expert and (2) whether appellate counsel ineffectively litigated the denial of expert funds on direct appeal. On September 14, 2005, the Eighth Circuit denied relief on both issues. The Court also refused to grant a hearing pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002). *Davis v. Norris*, 423 F.3d 868, 879 (8th Cir. 2005).

On February 27, 2017, the Governor of the State of Arkansas set Davis's execution for April 17, 2017.

Davis now seeks relief from his habeas judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Davis also seeks a stay of execution due to the pending Rule 60(b)(6) motion.

**Rule 60(b)(6) Motion**

Davis argues that relief should be granted under Rule 60(b)(6) and that the Court should consider, pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), certain claims the Court previously ruled had been procedurally defaulted.[1]

---

[1] In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the United States Supreme Court created a "narrow exception" to the holding of *Coleman v. Thompson*, 501 U.S. 722 (1991) that ineffective assistance of counsel in a state postconviction proceeding does not provide cause to excuse procedural default. The exception was then expanded in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Accordingly, under *Martinez* and *Trevino*, ineffectiveness of counsel in initial collateral

2

According to the motion, the procedurally defaulted claim at issue is Claim IV of Davis's habeas petition, which argued that trial counsel rendered ineffective assistance at the penalty phase in violation of the Sixth Amendment by failing to present a witness to evaluate and explain the school and institutional records introduced and failing to present other witnesses in mitigation.

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive habeas petition should be dismissed for failure to obtain authorization from the Court of Appeals. A Rule 60(b)(6) motion will be considered a second or successive habeas corpus application if it contains a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). To determine whether a motion is a second or successive habeas corpus application, "claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim *on the merits.*'" *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 530, 532). However, the motion does not attack a judgment "on the merits" if it "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as . . . procedural default." *Gonzalez*, 545 U.S. at 532, n. 4.

Here, as set forth above, Davis requests relief through a challenge to this Court's determination that certain claims were procedurally defaulted, relying on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). To the extent that Davis's motion concerns the exact claim set forth in Claim IV of his petition, which was found procedurally barred by this Court, the restrictions applicable to second or successive petitions do

---

proceedings may, under certain circumstances, establish cause to excuse the procedural default of an ineffective assistance of trial counsel claim. *See also Sasser v. Hobbs*, 735 F.3d 833, 853-54 (8th Cir. 2013).

3

not apply.

Rule 60(b)(6) "permits a court to reopen a judgment for 'any . . . reason that justifies relief.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). However, to obtain relief from judgment under Rule 60(b)(6), a movant must request relief "within a reasonable time" and must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment." Fed. R. Civ. P. 60(c)(1). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The rule "vests wide discretion in courts, but . . . only in 'extraordinary circumstances.'" *Buck*, 137 S. Ct. at 777. The court may consider a wide range of factors to determine whether extraordinary circumstances are present, including "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). However, "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Many courts have addressed Rule 60(b)(6) with respect to *Martinez* and *Trevino*.[2] Many have noted that "[g]enerally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999). However,

---

[2]The Eighth Circuit Court of Appeals has not directly addressed the applicability of *Martinez* and *Trevino* to a Rule 60(b)(6) motion. However, many district courts in the Eighth Circuit have addressed the issue. *See McCullough v. Kelley*, 2016 WL 1211279 (E.D. Ark. 2016); *Rhines v. Young*, 2016 WL 614665 (S.D. 2016); *Boyle v. Kelley*, 2015 WL 235205 (E.D. Ark. 2015); *Scott v. Hobbs*, 2014 WL 3700581 (E.D. Ark. 2014); *Hyatt v. Hobbs*, 2014 WL 3729849 (W.D. Ark. 2014); *Evans v. King*, 2014 WL 5325375 (D. Minn. 2014); *Reyes v. Hobbs*, 2014 WL 1092451 (W.D. Ark. 2014); *Vaughn v. Dormine*, 2014 WL 1316242 (E.D. Mo. 2014); *DeJournett v. Luebbers*, 2014 WL 81837 (E.D. Mo. 2014); *Williams v. Steele*, 2014 WL 1303680 (E.D. Mo. 2014); *Ferguson v. Hobbs*, 2013 WL 4431294 (E.D. Ark. 2013)(each denying the Rule 60(b)(6) motion). *But see*, *Barnett v. Roper*, 941 F. Supp. 2d 1099 (E.D. Mo. 2013)(finding extraordinary circumstances warranting relief under Rule 60(b)(6)).

the recent Supreme Court decision in *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) appears to clarify the fact that a Rule 60(b)(6) motion can be successful in the context of *Martinez* and *Trevino* if there is a finding of "extraordinary circumstances."

In accordance with caselaw and Rule 60(b)(6), this Court must examine two main issues to determine if relief should be granted in the present case: (1) whether this relief was sought "within a reasonable time" and (2) whether "extraordinary circumstances" support relief.

As previously established, habeas relief was denied by this Court in January of 2004. The Eighth Circuit affirmed the Court's decision in September of 2005. *Martinez* was decided by the Supreme Court in 2012 and was expanded by the Court in *Trevino* in 2013.[3] The instant motion was not filed until Wednesday, April 12, 2017, just days before Davis's scheduled execution date of April 17, 2017. Davis's counsel argues that the delay is justified because the applicable caselaw was uncertain until the Supreme Court's decision in *Buck* in February 2017. This Court does not agree. While *Buck* may have clarified the potential for relief under Rule 60(b)(6), such relief was being sought by other litigants immediately after the *Martinez* and *Trevino* decisions.[4] The Court also finds it notable that *Buck* sought *immediate* review, filing a Rule 60(b)(6) motion within two months of the *Trevino* decision. *Buck*, 137 S. Ct. at 771. Davis's delay of almost four (4) years[5] is not reasonable and he has not provided the court with good reason for his delay.

---

[3]It is also notably that the Eighth Circuit applied *Martinez* and *Trevino* to cases in Arkansas under certain circumstances in *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013) and *Dansby v. Hobbs*, 766 F.3d 809 (8th Cir. 2014).

[4]*See supra* n. 2.

[5]Just over five (5) years have passed since the decision of *Martinez*; almost four (4) years have passed since the decision of *Trevino*; and, approximately three and a half (3.5) years have passed since the Eighth Circuit applied *Martinez* in *Sasser*.

5

*See Clark v. Davis*, 850 F.3d 770, 782 (5th Cir. 2017) (finding Rule 60(b) motion filed almost sixteen (16) months after *Trevino* untimely). *See also Gonzalez*, 545 U.S. at 537 ("The change in the law . . . is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review . . . ."). Davis was not diligent in his pursuit of relief and such diligence is particularly important in the context of Rule 60(b) in order to protect the finality of judgments.[6]

The Court has also examined this case with respect to whether the requisite "extraordinary circumstances" exist for relief pursuant to Rule 60(b). Having done so, the Court finds that even without the unreasonable delay, Davis's motion fails in this regard.

Davis argues, almost solely, that extraordinary circumstances exist because no court has reviewed the ineffective assistance claim at issue. While the Court is certainly sympathetic to that fact, the Court notes that this is the circumstance of *every* litigant seeking relief under Rule 60(b) due to *Martinez* and *Trevino*.

Also argued by Davis is the fact that the change in law under *Martinez* and *Trevino* so altered the landscape of habeas procedure that it supports relief. As evidenced by *Buck*, a claim under *Martinez* and *Trevino* is not, by itself, enough. There, the Court found relief but the circumstances were, indeed, extraordinary. Buck suffered prejudice due to testimony from his own expert that reflected the view that his race predisposed him to violent conduct. In *Buck*, the Supreme Court noted the following "extraordinary circumstances": (1) Buck was sentenced to the death penalty; (2) Buck's underlying ineffective assistance of counsel claim was race-based, affecting "not just the defendant, but 'the law as an institution, . . . the community at large, and

---

[6]"This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 873 (1988)(Rehnquist, C.J., dissenting).

. . . the democratic ideal reflected in the processes of our courts;'" *Buck*, 137 S. Ct. at 786 (citing *Rose v. Mitchell*, 443 U.S. 545, 556 (1979)); and (3) the State of Texas's refusal to admit error, while admitting error in similar cases. *Buck*, 137 S. Ct. 759 (2017). Here, the alleged ineffective assistance of counsel is *not* race-based and circumstances that would give rise to harm to the community at large are not present.

Finally, Davis asserts and the Court acknowledges that this is a capital case, with the death penalty looming. Davis argues that merits review is particularly important in a capital case. Just as in *Buck*, that certainly carries weight when determining the circumstances present. The Court agrees that merits review is important in such matters; however, the Court cannot find that the death penalty outweighs the required analysis. Davis's ineffective assistance of trial counsel claim does not rise to the level of *Buck* and is *not* extraordinary. *See also Lambrix v. Florida*, 851 F.3d 1158 (11th Cir. 2017)(denying relief in a capital case post-*Buck*).

Because Davis did not seek the instant relief within a reasonable time and has not presented extraordinary circumstances to warrant relief, the Court finds that his Motion for Relief from Judgment Pursuant to Federal Rule 60(b)(6) (Doc. 50) should be and hereby is **denied**.

### Motion for Stay of Execution

Davis has also requested that his execution be stayed pending the Court's consideration of his Rule 60(b)(6) motion. When considering a motion for stay of execution, "a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). Further, a stay of execution "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its

criminal judgment without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Because the Court has found Davis's motion for relief under Rule 60(b) to be without merit, the Motion for Stay of Execution (Doc. 51) is also **denied**.

**Certificate of Appealability**

Finally, Davis requests that if relief is denied the Court grant him a certificate of appealability. Upon consideration, the Court finds that reasonable jurists could disagree with the Court's conclusion with respect to certain issues. 28 U.S.C. § 2253(c)(2). The Court, therefore, **grants** Petitioner Don William Davis a Certificate of Appealability with respect to the above motions.

**IT IS SO ORDERED,** this 16th day of April, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge